Chris J. Zhen (State Bar No. 275575)
chris.zhen@zhenlawfirm.com
Telephone: (213) 935-0715
Hogan Ganschow (State Bar No. 256137)
hogan.ganschow@zhenlawfirm.com
Telephone: (805) 664-1222
ZHEN LAW FIRM
5670 Wilshire Blvd #1800
Los Angeles, CA 90036

*Attorneys for Plaintiff Rachel Yates*

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| Rachel Yates,<br><br>    Plaintiff,<br><br>vs.<br><br>Walmart Inc.; and DOES 1-10,<br><br>    Defendants. | Case No.: 2:21-cv- 7519-CJC-RAO<br><br>~~COMPLAINT FOR PATENT INFRINGEMENT;~~<br><br>~~DEMAND FOR JURY TRIAL~~FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT;<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR PATENT INFRINGEMENT**

-1-
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.: 2:21-CV- 7519-CJC-RAO

Plaintiff Rachel Yates, by and through her attorneys, files this Complaint for Patent Infringement and Demand for Jury Trial against Walmart Inc. and DOES 1-10 (collectively "Defendants") and alleges as follows:

## THE PARTIES

1. Ms. Yates is a natural person who residents in Los Angeles, California. She is the inventor and owner of the entire interest of the patent-in-suit.

2. Defendant Walmart Inc. ("Defendant" or "Walmart") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas. Walmart may be served through its registered agent for service of process The Corporation Trust Company, located at Corporation Trust Center 1209 Orange ST, Wilmington, DE 19801.

3. Plaintiff Ms. Yates is informed and believes that, together with Walmart, other individuals and entities currently named as DOES 1-10 may also be responsible in one manner or another for the wrongs alleged herein, in that at all relevant times, each one (including Walmart) was the agent and servant of the others and acting within the course and scope of said agency and employment. These other individuals and entities are sued under fictitious names DOES 1-10 because their true names and capacities are currently unknown to Plaintiff. Plaintiff will seek leave to amend this Complaint when the true names and capacities of DOES 1-10 are ascertained.

## JURISDICTION AND VENUE

-2-
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.: 2:21-CV- 7519-CJC-RAO

4. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant. Defendant conducts business and has committed acts of infringement ~~and has induced acts of patent infringement by others~~ in this judicial district ~~and has contributed to patent infringement by others in this district~~, the State of California, and elsewhere in the United States.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and 1400(b) in that this is the judicial district in which defendant has committed acts of infringement and has regular and established places of business.

## BACKGROUND FACTS

8. Ms. Yates conceived of a new animal harness for use in exercise to improve the health of animals while being comfortable to wear, among other benefits. She was a precocious inventor, having invented the subject matter at the age of eleven.

9. The invention won Ms. Yates the first-place prize at an invention contest, with the prize including legal services for drafting and submitting a patent application for the invention as well as United States Patent and Trademark Office (USPTO) fees. All USPTO fees were paid by the prosecuting patent attorney, Mr. Andy Arismendi.

10. The patent application for Ms. Yates' invention was filed on March 27, 2003 and issued on March 23, 2004 as U.S. Patent Serial No. 6,708,650 (the '650 Patent). A true and correct copy of the '650 Patent is attached as Exhibit A.

11. Ms. Yates is the sole and exclusive owner of all right, title, and interest, in the '650 Patent.

12. Due to extraordinary circumstances, including the death of the prosecuting patent attorney Mr. Arismendi with the attendant breakdown in communication with Ms. Yates, the patent expired in 2008 due to non-payment of maintenance fees. Ms. Yates had no notice and no knowledge of the expiration of the patent from either the USPTO or the prosecuting attorney.

13. On or around September 10, 2020, Ms. Yates discovered the patent was expired and petitioned the USPTO to accept unintentionally delayed payment of maintenance fees in an expired patent. The petition was eventually granted with notice mailed on June 25, 2021. The patent is considered as not having expired at the end of the grace period for the payment of maintenance fees.

## WALMART PRODUCTS

14. Defendant makes, uses, sells, offers for sale, and/or imports into the United States and this District animal harness products ("Accused Products") including the products listed below. True and correct copies of screen captures (accessed on December 12, 2021) of the Accused Products are attached as Exhibits B1-B7.

| Maker | Product | Product Link |
|---|---|---|

-4-

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.: 2:21-CV- 7519-CJC-RAO

| | | | |
|---|---|---|---|
| 1 | Blue Frog | Blue Frog 1X Track N Guard GPS Message Ready & Built-In I.D. Tag Dog Harness (Easy Step-In, Fashionable Double 2MM Reflective Stitch Design), Turquoise, Medium | https://www.walmart.com/ip/Blue-Frog-1X-Track-N-Guard-GPS-Message-Ready-Built-In-I-D-Tag-Dog-Harness-Easy-Step-In-Fashionable-Double-2MM-Reflective-Stitch-Design-Turquoise-Medi/470220973 |
| 2 | Vibrant Life | Vibrant Life Patterned Step-In Dog Harness, Strategy Camo, Medium 14-20 in | https://www.walmart.com/ip/Vibrant-Life-Patterned-Step-In-Dog-Harness-Strategy-Camo-Medium-14-20-in/230911898 |
| 3 | Vibrant Life | Vibrant Life Patterned Step-In Dog Harness, Strategy Teal Camo, Large 22-36 in | https://www.walmart.com/ip/Vibrant-Life-Patterned-Step-In-Dog-Harness-Strategy-Teal-Camo-Large-22-36-in/286096945 |
| 4 | Vibrant Life | Vibrant Life Comfort Padded Step-In Dog Harness, Gray/Blue Striped, Large(22-36 in) | https://www.walmart.com/ip/Vibrant-Life-Comfort-Padded-Step-In-Dog-Harness-Gray-Blue-Striped-Large-22-36-in/527833016 |
| 5 | Vibrant Life | Vibrant Life Solid Polyester Step-In Dog Harness, Black 8-14 in | https://www.walmart.com/ip/Vibrant-Life-Solid-Polyester-Step-In-Dog-Harness-Black-8-14-in/799823978 |
| 6 | Vibrant Life | Vibrant Life Comfort Padded Step-In Dog Harness, Purple, 22-36 in | https://www.walmart.com/ip/Vibrant-Life-Comfort-Padded-Step-In-Dog-Harness-Purple-22-36-in/931854 |
| 7 | Vibrant Life | Vibrant Life Solid Polyester Step-In Dog Harness, Blue, 8-14 in | https://www.walmart.com/ip/Vibrant-Life-Solid-Polyester-Step-In-Dog-Harness-Blue-8-14-in/870254948 |

## COUNT 1 FOR INFRINGEMENT OF

## U.S. PATENT NO. 6,708,650

15. Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in all preceding paragraphs of this Complaint.

16. On March 23, 2004, the '650 Patent was duly and legally issued by the USPTO under the title "Method for Installing an Exercising Harness on an Animal." The '650 Patent is referred to as the "Asserted Patent."

17. Ms. Yates is the sole inventor and sole owner of the right, title, and interest in and to the '650 Patent, with the rights to assert all causes of action arising under the '650 Patent and right to collect any remedies for infringement of it. Ms. Yates is the sole owner of the '650 Patent and has been the sole owner since issuance.

18. On information and belief, Defendant has and continues to directly infringe either literally or under the doctrine of equivalents, or both~~, or indirectly infringe~~ at least Claim~~s 1 and~~ 6 ~~by selling, offering to sell, making, using, providing, causing to be used, instructing, directing, and/or requiring others to perform all or some of the steps of the method claims, either literally or under the doctrine of equivalents. Defendant directly or indirectly infringes, literally or under the doctrine of equivalents by~~ selling, offering to sell, making, using, providing, causing to be used the Accused Products ~~and by inducing customers to perform all or some of the steps of the method claim~~.

19. On information and belief, the Accused Products have been used to infringe and continue to directly infringe ~~or indirectly infringe~~ at least Claim~~s 1 and~~ 6 of the '650 Patent during the pendency of the '650 Patent.

20. On information and belief, the Accused Products include each and every element of Claim 6:

   A harness for a four-legged animal, the harness comprising:

-6-
<ins>FIRST AMENDED</ins> COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.: 2:21-CV- 7519<ins>-CJC-RAO</ins>

a first adjuster;

a second adjuster;

a strap having a first end loop and a second end loop;

a first leg loop; and

a second leg loop,

wherein the strap extending from the first end loop is

inserted

through the first leg adjuster and then back through the first leg adjuster forming the first leg loop,

then through the second adjuster and back through the second adjuster forming the second leg loop, and

then through the first end loop forming a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening, wherein the triangular opening is for the head or the tail of the animal depending if installed on the chest of the animal or on the rear end of the animal, respectively.

21. Each and every one of the Accused Products is an animal harness that includes each and every element of Claim 6, including the strap having the first end loop and second end loop, the first and second adjusters, the first leg loop and second leg loop. Each and every one of the Accused Products includes the strap extending from the first end loop inserted through the first leg adjuster and then back through the first leg adjuster forming the first leg loop, and then through the second adjuster and back through the second adjuster forming the

-7-
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.: 2:21-CV-7519-CJC-RAO

second leg loop, and through the first end loop forming a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening, with the triangular opening for the head or the tail of the animal depending if installed on the chest of the animal or on the rear end of the animal, respectively.

21. On information and belief, Defendant induces infringement by their customers of each and every element of Claim 1:

A method of installing a harness on a four-legged animal used to aid in training and exercising the animal and to aid in urging the animal from a sitting position to an upright position, wherein the animal has a rear back, a rear end, a left rear leg, a left rear leg pit, a right rear leg and a right rear leg pit, harness comprises:

a first loop,

a second loop, and

a first connecting portion, wherein said first and second loops are connected to the first connecting portion,

said method comprising:

placing the first loop substantially around the left rear leg; placing the second loop substantially around the right rear leg;

placing the first connecting portion adjacent the rear back such that the first and second loops are below the left and right hind leg pits, respectively; and

~~attaching the first connecting portion directly or indirectly to a leash, whereby pulling the first connecting portion in a forward direction relative to the animal causes the first and second loops to come into contact with the left and right rear leg pits and impose pressure thereon urging the animal to take action to release the pressure by sitting up and or moving forward.~~

22. Since at least the time of receiving this Complaint Defendant has had actual notice that it is directly infringing ~~and/or indirectly infringing~~ the '650 Patent.

23. The Accused Products are used, marketed, provided to, and/or used by or for each of Defendant's partners, affiliates, subsidiaries, vendors, clients, customers, and/or end users in this District.

~~24. On information and belief, since at least the time of receiving this Complaint, PetSmart has induced and continues to induce others to infringe at least Claim 1 of the '650 Patent under 35 U.S.C. § 271(b) with specific intent or willful blindness, by, among other things, actively aiding and abetting others to infringe, including, but not limited to, Defendant's customers, whose use of the Accused Products constitute direct infringement of at least claim 1 of the '650 Patent.~~

~~25. In particular, Defendant's actions that aid and abet the infringement of others, such as their customers, by distributing the Accused Products, providing instructions, materials and/or services related to the Accused Products. On information and belief, Defendant has engaged in such actions with specific~~

-9-
**FIRST AMENDED** COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.: 2:21-CV-7519-CJC-RAO

~~intent to cause infringement or with willful blindness to the resulting infringement, because Defendant has had actual notice of the '650 Patent and that its acts were inducing infringement of the '650 Patent since at least the time of receiving this Complaint.~~

~~26.~~24.   On information and belief, Defendant's infringement has been and continues to be willful.

~~27.~~25.   Plaintiff has been harmed by Defendant's infringing activities.

~~28.~~26.   As a result of Defendant's unlawful activities, Plaintiff has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Ms. Yates is actively engaged in licensing the patented technology. Defendant's continued infringement of the Asserted Patent causes harm to Plaintiff in the form of price erosion, loss of goodwill, damage to reputation, loss of business opportunities, inadequacy of money damages, and direct and indirect competition. Monetary damages are insufficient to compensate Plaintiff for these harms. Accordingly, Plaintiff is entitled to preliminary and/or permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rachel Yates prays for relief as follows:

1. For an Order enjoining Defendant, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from infringing~~, or inducing infringement by others,~~ of the '650 Patent;

2. A judgment declaring that Defendant has directly ~~and/or indirectly~~ infringed one or more claims of the '650 Patent in violation of 35 U.S.C. § 271.

3. A judgment, pursuant to 35 U.S.C. § 284, awarding Plaintiff damages adequate to compensate Plaintiff for Defendant's infringement of the '650 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty.

4. An order, pursuant to 35 U.S.C. § 284, finding that Defendant's infringement has been willful and deliberate and awarding to Plaintiff up to treble damages;

5. A judgment, pursuant to 35 U.S.C. § 284, awarding Plaintiff interest on the damages and its costs incurred in this action;

6. An award of pre-judgment and post-judgment interest and costs to Plaintiff pursuant to 35 U.S.C. § 284.

7. An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Plaintiff its reasonable attorneys' fees incurred in this action; and

8. For other such relief as the court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable as such.

Respectfully Submitted,

1

2   Dated: ~~September~~ December ~~20~~13, 2021          ZHEN LAW FIRM

3
                                              By: */s/ Chris J. Zhen*
4                                             Chris J. Zhen (State Bar No. 275575)
                                              Hogan Ganschow (State Bar No. 256137)
5                                             ZHEN LAW FIRM
6                                             5670 Wilshire Blvd #1800
                                              Los Angeles, CA 90036
7

8                                             *Attorneys for Plaintiff Rachel Yates*

-12-
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
CASE NO.: 2:21-CV- 7519-CJC-RAO