Antoinette P. Hewitt (SBN 181099)
Antoinette.Hewitt@kutakrock.com
Rebecca L. Wilson (SBN 257613)
Rebecca.Wilson@kutakrock.com
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, California 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394

John A. Cotter (*Pro Hac Vice*)
jcotter@larkinhoffman.com
Christopher A. Young (*Pro Hac Vice*)
cyoung@larkinhoffman.com
LARKIN HOFFMAN DALY & LINDGREN, LTD.
8300 Norman Center Drive, Suite 1000
Bloomington, MN 55437
Telephone:  (952) 835-3800
Facsimile:  (952) 896-3333

*Attorneys for Defendant*
WALMART INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RACHEL YATES,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.; and DOES 1-10,<br><br>Defendants. | Case No.: 2:21-cv-7519-MCS-GJS<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF WALMART, INC. AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>**[Proposed Order Concurrently Lodged]**<br><br>DATE:  February 28, 2022<br>TIME:  9:00 a.m.<br>PLACE: Courtroom 7C<br>JUDGE: Hon. Mark C. Scarsi |

-1-
WALMART'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)
CASE NO.:  2:21-CV-7519-MCS-GJS

4868-5332-1992.1

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place via a phone call on December 20, 2021. PLEASE TAKE NOTICE THAT on February 28, 2022, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court, Central District of California, located at 350 W. First Street, Los Angeles, California 90012, Courtroom 7C, before the Honorable Mark C. Scarsi, Defendant Walmart, Inc. will move and hereby presents for hearing by the Court this motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Rachel Yates's First Amended Complaint for Patent Infringement (Dkt. 15) for the reasons set forth below.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, and such additional papers and arguments as may be presented at or in connection with the hearing.

By: /s/ *John A. Cotter*
John A. Cotter
Christopher A. Young
Antoinette P. Hewitt
Rebecca L. Wilson
*Attorneys for Defendant Walmart, Inc.*

**TABLE OF CONTENTS**

Page

I. SUMMARY OF ARGUMENT ........................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ................................... 2

    A. Procedural History ................................................................................ 2

    B. The '650 Patent .................................................................................... 2

    C. The Accused Products ......................................................................... 5

III. LEGAL STANDARD ..................................................................................... 5

    A. Motion to Dismiss Pursuant to Rule 12(b)(6) ..................................... 5

    B. Pleading Standard for Direct Infringement ........................................ 6

IV. ARGUMENT ................................................................................................... 7

    A. Plaintiff's Amended Complaint Fails to Adequately Plead Patent Infringement Because It Merely Concludes the Accused Products Infringe Claim 6 ................................................................................... 7

    B. Plaintiff's Allegations Of Infringement Are Facially Implausible Because The Facts Alleged Are Inconsistent With Infringement ........ 9

    C. The Amended Complaint Should Be Dismissed With Prejudice ...... 12

V. CONCLUSION ............................................................................................. 13

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. passim

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................. 1, 5, 6, 8

*Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342 (Fed. Cir. 2021) ..................... 6, 8, 9, 11

*Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111 (Fed. Cir. 2021) ......................... 9

*e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) ..................................................................................... 6, 10

*Hicks v. PGA Tour, Inc.*, 897 F.3d 1109 (9th Cir. 2018) ................................................ 6

*Metricolor LLC v. L'Oreal S.A.*, No. CV 18-364-R, 2018 WL 5099496 (C.D. Cal. Aug. 15, 2018) ..................................................................................... 10, 11

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ............................................... 6

*N. Star Innovations Inc. v. Kingston Tech. Co., Inc.*, No. SA CV 17-01833-DOC (DFMx), 2018 WL 3155258 (C.D. Cal. May 7, 2018), *report and* recommendation *adopted,* 2018 WL 3155708 (C.D. Cal. June 25, 2018) ......................................... 6, 8

*Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018) ................................... 7

*Rachel Yates v. Amazon.com, Inc.* (Case No. 2-21-cv-07491-JAK-GJS, Dkt. 22) ........ 2

*Rachel Yates v. Petco Animal Supplies Stores, Inc.* (Case No. 2-21-cv-06204-JAK-GJS, Dkt. 24) ..................................................................................................... 2

*Rachel Yates v. PetSmart LLC f/k/a PetSmart, Inc.* (Case No. 2-21-cv-06205-JAK-GJS, Dkt. 25) ..................................................................................................... 2

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) ................... 12

*SCG Characters LLC v. Telebrands Corp*, 2015 WL 4624200 (C.D. Cal. Aug. 3, 2015) ............................................................................................................. 13

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................. 1, 2, 5

Fed. R. Civ. P. 8(a)(2) ............................................................................................ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

Walmart, Inc. ("Walmart" or "Defendant") moves to dismiss Rachel Yates's ("Plaintiff") First Amended Complaint For Patent Infringement ("Amended Complaint," Dkt. 15) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because the Amended Complaint fails to plead facts to plausibly support the allegations of patent infringement. Claim 6 of U.S. Patent No. 6,708,650 (the "'650 Patent") -- the only patent claim identified and asserted by Plaintiff in this matter -- is directed to a harness to be "installed on the chest . . . or on the rear end" of a four-legged animal.

The pleading standards set forth in *Iqbal* and *Twombly*, and the Federal Circuit's precedent applying the same, require, at minimum, that Plaintiff's Amended Complaint contain factual allegations to enable the reasonable inference that each of the seven accused products attached as Exhibits B1-B7 to the Amended Complaint (the "Accused Products") practice every element of the asserted patent claim. Plaintiff has failed to meet this minimum standard.

First, Plaintiff's Amended Complaint makes no attempt to map any of the elements of Claim 6 of the '650 Patent to the Accused Products -- here, seven different animal harnesses. Instead, in support of its patent infringement claims, the Amended Complaint merely parrots the limitations of Claim 6 without any articulation where the limitations are found in or met by the Accused Products. Such generic allegations of patent infringement fail to set forth any facts or explanation as to how any of Walmart's Accused Products allegedly meet any of the limitations of Claim 6, and, thereby, fail to provide fair notice to Walmart of the grounds of Plaintiff's infringement allegations.

Second, as Exhibits B1-B7 attached to Plaintiff's Amended Complaint demonstrate, the Accused Products do not and cannot meet each of the limitations

recited in Claim 6 of the '650 Patent. Plaintiff's allegations are therefore inconsistent with and contradict infringement, and as such are insufficient to state a plausible claim for relief.

For these reasons, as set forth in further detail below, Walmart respectfully requests that this Court dismiss the Amended Complaint (Dkt. 15) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Walmart further requests the Court dismiss the Amended Complaint with prejudice as further amendment would be futile and would not cure the insufficiency of Plaintiff's pleading.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural History

Plaintiff filed this lawsuit on September 20, 2021, alleging that Walmart directly and indirectly infringes both Claim 1 and Claim 6 of the '650 Patent. Dkt. 1, ¶¶ 17-20. On December 14, 2021, Plaintiff filed its Amended Complaint, reducing Plaintiff's original Complaint down to a single allegation of direct infringement of Claim 6 of the '650 Patent and expressly removing all allegations of indirect infringement. Dkt. 15, ¶¶ 17-20. Plaintiff has three other lawsuits pending in the Central District similarly asserting direct infringement of Claim 6 of the '650 patent—(1) *Rachel Yates v. Petco Animal Supplies Stores, Inc.* (Case No. 2-21-cv-06204-JAK-GJS, Dkt. 24) which was filed on July 31, 2021; (2) *Rachel Yates v. PetSmart LLC f/k/a PetSmart, Inc.* (Case No. 2-21-cv-06205-JAK-GJS, Dkt. 25) which was filed on July 31, 2021; and (3) *Rachel Yates v. Amazon.com, Inc.* (Case No. 2-21-cv-07491-JAK-GJS, Dkt. 22) which was filed on September 20, 2021.

### B. The '650 Patent

The '650 Patent is titled "Method for installing an exercising harness on an animal." '650 Patent (Dkt. 25-1, Exhibit A). The '650 Patent is directed to two distinct and purportedly novel inventions: (1) a method of installing admittedly prior art dog

harnesses on the rear of an animal instead of the front, and (2) an animal harness configured using a single strap in a purportedly novel manner.

Most of the specification and figures are devoted to describing the purportedly novel method. Figures 1 to 15 of the '650 Patent depict admitted prior art harnesses already disclosed in various prior art patents, which are installed on the front and rear of a dog. The '650 Patent admits the various harnesses themselves are not novel and were known in the prior art, specifically identifying the prior art by patent number[1]. *See, e.g., id*. at 3:3-5 ("FIG. 1 shows a dog wearing a harness according to U.S. Pat No. 5,329,885 installed according to the method disclosed therein."). It is only the method of installing the prior art harnesses on the rear of the dog that Plaintiff claimed to be new. *See, e.g., id*. at 3:6-8 ("FIG. 1A shows a dog wearing the harness of U.S. Pat No. 5,329,885 installed according to the method of the present invention"). By way of the Amended Complaint, Plaintiff no longer accuses Walmart of infringing Claim 1 directed to this method.

The closing five paragraphs of the description of the '650 Patent then describe a purportedly novel harness recited in Claim 6. *See id*. at 11:10-12:6 ("Referring now to FIG. 16, there is shown a harness 300 according to the present invention …"); *see also id*. at 3:51-52. The description of the claimed harness is sparse and simply points out the elements in FIG. 16. *See id*. at 11:10-30. Figure 16 is reproduced below for reference.

---

[1] U.S. Patent No. 5,329,885 (inventor, Joseph S. Sporn); U.S. Patent No. 5,359,964 (inventor, Joseph S. Sporn); U.S. Patent No. 5,934,224 (inventor, Joseph S. Sporn); U.S. Patent No. 5,676,093 (inventor, Joseph S. Sporn).



FIG. 16

Claim 6 is reproduced below with limitations relevant to this motion emphasized.

1. A harness for a four-legged animal, the harness comprising:

a first adjuster;

a second adjuster;

*a strap* having *a first end loop and a second end loop*;

a first leg loop; and

a second leg loop,

wherein *the strap* extending from the first end loop is *inserted*

*through the first leg adjuster* and then back through the first leg adjuster forming the first leg loop,

*then through the second adjuster* and back through the second adjuster forming the second leg loop, and

*then through the first end loop forming a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening*, wherein the triangular opening is for the head or the tail of the animal

depending if installed on the chest of the animal or on the rear end of the animal, respectively.

*Id*. at Cl. 6 (emphasis added).

### C. The Accused Products

The Amended Complaint alleges that Walmart infringes the '650 Patent insofar as Walmart "makes, uses, sells, offers for sale, and/or imports" seven separate animal harness products, identified as Exhibits B1-B7 and defined as the Accused Products in the Amended Complaint. *See* Dkt. No. 15, ¶ 14. The Amended Complaint also purports to list the Maker, and Product Name for the seven Accused Products. That is the only detail provided in the Amended Complaint about the Accused Products.

## III. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Twombly*, 550 U.S. at 555. Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. As the Supreme Court explained in *Iqbal*: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks, citations, and alterations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," without any factual support are insufficient to overcome a motion to dismiss. *Id.*

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 556 U.S. at 679. A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Twombly,* 550 U.S. at 556) (emphasis added). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (stating that factual allegations "merely consistent with liability stop[] short of the line between possibility and plausibility"). Determining plausibility is a "context-specific task that requires drawing on judicial experience and common sense." *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018) (citing *Iqbal,* 556 U.S. at 679).

### B. Pleading Standard for Direct Infringement

"The Court applies the analysis of Twombly/Iqbal to claims of direct infringement." *N. Star Innovations Inc. v. Kingston Tech. Co., Inc.*, No. SA CV 17-01833-DOC (DFMx), 2018 WL 3155258, at *1 (C.D. Cal. May 7, 2018), *report and recommendation adopted,* 2018 WL 3155708 (C.D. Cal. June 25, 2018). "To adequately allege direct infringement, a plaintiff must allege facts sufficient to permit the Court to infer that the accused product infringes *each* element of at least one claim." *Id*. (emphasis in original). This is because "the failure to meet a single limitation is sufficient to negate infringement of a claim." *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) (quoting *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)).

Further, "[u]nder *Iqbal/Twombly*, allegations that are merely consistent with infringement are insufficient." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021). Where "the factual allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim." *Id.* (emphasis in original). "[W]hile a plaintiff's pleading obligations are not onerous, it is

possible that, in pleading its claims, a plaintiff may find it has pleaded itself out of court." *Id.* (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1348-50 (Fed. Cir. 2018)). Such is the case here.

## IV. ARGUMENT

### A. Plaintiff's Amended Complaint Fails to Adequately Plead Patent Infringement Because It Merely Concludes the Accused Products Infringe Claim 6

Plaintiff fails to adequately plead facts showing that any of the Accused Products infringe Claim 6 of the '650 Patent. In asserting infringement, the Amended Complaint merely alleges entitlement to relief without providing any factual allegations that, when taken as true, would establish entitlement to relief. The Amended Complaint does not articulate why it is plausible that any Accused Product infringes Claim 6. The Amended Complaint includes no analysis, description, or chart to put Walmart on fair notice as to how Plaintiff contends that each of the limitations of Claim 6 can be found in or be met by the Accused Products because a simple reading of the claim in comparison to the Accused Product belies such a finding.

Indeed, Plaintiff makes no effort to identify even a single feature of any of the Accused Products, much less setting out any facts that would plausibly establish, that any Accused Product has each of the elements recited in Claim 6. Instead, the Amended Complaint includes a single boilerplate paragraph that simply repeats the language of Claim 6, as follows:

> 21. Each and every one of the Accused Products is an animal harness that includes each and every element of Claim 6, including the strap having the first end loop and second end loop, the first and second adjusters, the first leg loop and second leg loop. Each and every one of the Accused Products includes the strap extending from the first end loop inserted through the first leg adjuster and then back through the first leg adjuster forming the first leg loop, and then through the second adjuster and back through the second adjuster forming the second leg loop, and through the first end loop forming a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening, with the triangular opening for the head or the tail of the animal depending if installed on the chest of the animal or on the rear end of the animal, respectively.

Dkt. 15, ¶ 21. Paragraph 21 is nothing more than a threadbare recital of the limitations of Claim 6, supported by mere conclusory statements, and offers no factual support to allow Walmart to reasonably understand the allegations made against it or how the Accused Products meet the limitations of Claim 6 such that the Court can draw the reasonable inference that the Accused Products infringe Claim 6.

As the Federal Circuit has held, "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and **merely concluding** that the accused product has those elements." *Bot M8*, 4 F.4th at 1353 (*emphasis added*). Instead, "[t]here must be some factual allegations that, when taken as true, articulate **why it is plausible** that the accused product infringes the patent claim." *Id.* (*emphasis added*). Paragraph 21 is wholly redundant to Paragraph 20 and amounts to no more than a "legal conclusion couched as a factual allegation," which the Court is not bound to accept as true. *Iqbal,* 556 U.S. at 678. Accordingly, Courts in this district have found such allegations insufficient. *See N. Star Innovations*, 2018 WL 3155258, at *2-4 (dismissing complaint that "simply parrots the claim language" and "fails to provide any factual allegations that are not direct recitations of each claim's limitations").

Furthermore, while the pleading standards set forth by *Twombly/Iqbal* are universal, "[t]he level of detail required in any given [patent] case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Bot M8*, 4 F.4th at 1353. A salient feature of the purported invention of Claim 6 is a single strap that forms both (a) two leg loops 306, 312 and (b) a triangular opening 330 for either the head or the tail of the animal. *See* '650 Patent (Dkt. 15-1, Ex. A), Cl. 6. The Amended Complaint lacks any fair notice how Plaintiff could plausibly contend that this salient feature is present in the Accused Products. And, as discussed below, this single-strap feature or structure is wholly absent from

all Accused Products. As such, Plaintiff's failure to allege any facts related to this element, or any element at all, is particularly stark in view of even the most basic comparison of Claim 6 to the Accused Products.

Because Plaintiff fails to allege any facts that would allow the Court to plausibly infer that even one of the Accused Products practices all the limitations of Claim 6, the Amended Complaint fails to state a claim for patent infringement and fails to provide fair notice to Walmart of Plaintiff's infringement allegations.

### B. Plaintiff's Allegations Of Infringement Are Facially Implausible Because The Facts Alleged Are Inconsistent With Infringement

Regardless of the fact that Plaintiff has not mapped the limitations of Claim 6 of the '650 Patent to the Accused Products, Plaintiff's infringement allegations are further plainly contradicted by the images and configurations of the Accused Products shown in Exhibits B1-B7 to the Amended Complaint,[2] making any effort to do so futile. *See* Dkt. 15, ¶ 14 *and* Dkt. 15-2, Exs. B1-B7. Because each of the configurations of the Accused Products is "actually inconsistent with and contradict[s] infringement," Plaintiff's allegation of infringement of Claim 6 is therefore "insufficient to state a plausible claim." *Bot M8*, 4 F.4th at 1354.

Claim 6 recites an "animal harness" with "**a strap** having a first end loop and a second end loop" (i.e., a single strap with a loop on each of its two ends). '650 Patent (Dkt. 15-1, Ex. A), Cl. 6. The claim further requires that "*the strap* extending from the first end loop" is inserted: (i) "*through*" a first leg adjuster and "*then back through*" the first leg adjuster to form a first leg loop, (ii) "*then through*" a second adjuster and "*back through*" the second adjuster to form a second leg loop, and (iii) "*then through*" **the** strap's first end loop to form a "triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening."

---

[2] "A document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1128 (Fed. Cir. 2021).

*Id*. In other words, Claim 6 requires *both* (1) a ***single*** strap that weaves through the leg adjusters to form both "leg loops" and the "triangular-shaped opening," and (2) that the end of the strap "extending from the first end loop" is ultimately (after forming the rest of the harness) inserted ***through*** the "first end loop" of the same strap. *See* Amended Complaint, Dkt No. 15, ¶ 20 (which repeatedly references "**the** strap") (emphasis added).

It is not enough for Plaintiff to assert infringement simply because the Accused Products are animal harnesses along with a conclusory statement that the products infringe. *See Ashcroft*, 556 U.S. 544 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Yet, that is all that Plaintiff has done here.

None of the Accused Products plausibly have the features recited in Claim 6. Most fundamentally, and by way of example, none of the Accused Products possess a single strap that forms both two leg loops and a triangular opening. Nor do the Accused Products feature a strap that passes through its own end loop at all, let alone where a loop on one end of the strap passes through a loop on the other end of the strap.[3] And, to be clear, claim construction is not required to reach this conclusion. These are expressly recited elements of Claim 6 that are plainly missing from the Accused Products.

Because "the failure to meet a single limitation is sufficient to negate infringement of a claim," *e.Digital Corp.*, 2016 WL 4427209, at *3, these flaws are fatal to Plaintiff's infringement case. *See Metricolor LLC v. L'Oreal S.A.*, No. CV 18-364-R, 2018 WL 5099496, at *4 (C.D. Cal. Aug. 15, 2018) (dismissing claims of patent infringement where images in the complaint demonstrated that the accused

---

[3] Should this case progress past the pleading stage, Walmart will contest Plaintiff's accusations on the merits by showing that Walmart's Accused Products do not include each of the limitations of Claim 6. Walmart focuses here on specific limitations because they most plainly show the implausibility of Plaintiff's allegations and that the Complaint fails to advise Walmart of the basis of Plaintiff's allegation of infringement.

products failed to meet all limitations of the asserted claims), *aff'd in part, vacated in part, remanded,* 791 F. App'x 183 (Fed. Cir. 2019).[4] As in *Bot M8*, Plaintiff here has essentially pleaded itself out of court. 4 F.4th at 1354 ("As we have said before, while a plaintiff's pleading obligations are not onerous, it is possible that, in pleading its claims, a plaintiff may find it has pleaded itself out of court."). Plaintiff has done nothing more than make a conclusory allegation of infringement, and has refused Walmart's request for a factual pleading apparently because any effort to do so would only serve to highlight the contradiction between the animal harness recited in Claim 6 and the Accused Products. It is clear from the Exhibits B1-B7 to the Amended Complaint that none of the Accused Products meet the limitations of Claim 6 of the '650 Patent and thus the Accused Products do not and cannot infringe that claim. The screen shots of Exhibits B1-B7 to the Amended Complaint for the first Accused Product shows the following images:



---

[4] The Federal Circuit affirmed the district court's dismissal of the patent infringement claims in *Metricolor* on this basis. *See* 791 Fed.Appx. 183 at 188 ("We agree with the district court that Metricolor failed to sufficiently plead a claim of patent infringement in its complaint. . . . [T]he district court aptly noted that the Redken pH-Bonder product has an 'open hole at the base of the bottle,' plainly contradicting its allegation of an 'airtight' seal.").



| **B5** | **B6** | **B7** |

As is readily apparent, there is neither (1) a ***single*** strap that is inserted through first and second "adjusters" to form both first and second "leg loops" and a "triangular-shaped opening," nor (2) an end of the strap "extending from the first end loop" that is ultimately (after forming the rest of the harness) inserted ***through*** the "first end loop" of the same strap in any of the Accused Products. Instead, there is a complete lack of any plausible allegation of infringement as to any of the Accused Products. Simply put, Exhibits B1-B7 are inconsistent with and contradict infringement and demonstrate a plausible claim of infringement has not been and cannot be made.

Thus, because Plaintiff has not pleaded facts sufficient to support a plausible inference that even one of the Accused Products practices all limitations of Claim 6 -- and has, in fact, demonstrated that such an inference is facially implausible -- Plaintiff's allegations of patent infringement should be dismissed. *Iqbal,* 556 U.S. at 679 ("[O]nly a complaint that states a plausible claim of relief survives a motion to dismiss.")

### C. The Amended Complaint Should Be Dismissed With Prejudice

Dismissal with prejudice is appropriate when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment

would be futile."); *SCG Characters LLC v. Telebrands Corp*, 2015 WL 4624200, at *8 (C.D. Cal. Aug. 3, 2015) ("Because the Court concludes amendment would be futile, the patent infringement claim is dismissed with prejudice."). Dismissal with prejudice is appropriate here. Plaintiff has already amended her complaint once and no matter how tortured the comparison, no additional revisions to the pleading could change the configuration of the Accused Products into one that infringes Claim 6 of the '650 Patent. As such, Plaintiff's allegations of infringement should be dismissed with prejudice.[5]

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint does not set forth factual allegations sufficient to support its sole claim for infringement of Claim 6 of the '650 Patent and further fails to give Walmart fair notice of a cognizable claim and the grounds on which it rests. Accordingly, Walmart respectfully requests that the Court dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. Because leave to amend would be futile, Walmart further requests dismissal with prejudice.

Dated: December 27, 2021　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　By:　/s/ *John A. Cotter*
　　　　　　　　　　　　　　　　　　　　　　John A. Cotter
　　　　　　　　　　　　　　　　　　　　　　Christopher A. Young
　　　　　　　　　　　　　　　　　　　　　　Antoinette P. Hewitt
　　　　　　　　　　　　　　　　　　　　　　Rebecca L. Wilson
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Walmart, Inc.*

---

[5] In the event the Court dismisses the Amended Complaint without prejudice, then Walmart respectfully requests the Court require Plaintiff upon refiling to identify how each Accused Product meets the limitations of Claim 6 and how each Accused Product directly infringes the '650 Patent. This will provide Walmart notice in a Second Amended Complaint (unlike the Amended Complaint) regarding how specifically the Accused Products purportedly infringe Claim 6 of the '650 Patent.

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Central District of California, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Antoinette P. Hewitt*
Antoinette P. Hewitt