Antoinette P. Hewitt (SBN 181099)
Antoinette.Hewitt@kutakrock.com
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, California 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394

John A. Cotter (*Pro Hac Vice*)
jcotter@larkinhoffman.com
Christopher A. Young (*Pro Hac Vice*)
cyoung@larkinhoffman.com
LARKIN HOFFMAN DALY & LINDGREN, LTD.
8300 Norman Center Drive, Suite 1000
Bloomington, MN 55437
Telephone:  (952) 835-3800
Facsimile:  (952) 896-3333

*Attorneys for Defendant*
WALMART INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| RACHEL YATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART INC.; and DOES 1-10,<br><br>　　　　　Defendants. | Case No.: 2:21-cv-7519-MCS-GJS<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WALMART INC.'S MOTION TO DISMISS**<br><br>**DATE:** **February 28, 2022**<br>**TIME:** **9:00 a.m.**<br>**PLACE: Courtroom 7C**<br>**JUDGE: Hon. Mark C. Scarsi**<br><br>Date Filed:  September 20, 2021 |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................3

I. INTRODUCTION ......................................................................................1

II. ARGUMENT...............................................................................................1

    A. Plaintiff Misapprehends the Requirements for Properly Pleading Patent Infringement. ...............................................................................1

    B. Courts in this District Applying *Iqbal*/*Twombly*'s Pleading Standards Require More Facts than Plaintiff Has Pleaded. ..................................3

    C. The Cases Cited by Plaintiff Demonstrate the Deficiencies that Continue to Plague the FAC. ..............................................................4

    D. Plaintiff Wrongly Claims That Walmart's Motion Requires Claim Construction. ...................................................................................7

    E. The FAC Should Be Dismissed With Prejudice. .................................9

III. CONCLUSION ........................................................................................10

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 943 (C.D. Cal. 2016) .............. 4

*Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342 (Fed. Cir. 2021) ..................... 2, 3, 9

*CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc.*, Case No. 8:18-CV-00311-JLS-SS, 2018 WL 6380887 (C.D. Cal. Jun. 19, 2018) ................ 7

*Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015) ..................................... 11

*Disc Disease Sols., Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) ............. 5

*Endonovo Therapeutics, Inc. v. KVP Int'l, Inc.*, Case No. ED CV19-00257 (JAK (KKx), 2019 WL 5101856 (C.D. Cal. Jun. 12, 2019) ............................................ 6

*Incom Corp. v. Walt Disney Co.*, Case No. CV15-3011 PSG (MRWx), 2016 WL 4942032 (C.D. Cal. Feb. 4, 2016) ......................................................................... 7

*International Techs. and Sys. Corp. v. Samsung Elecs. Co., Ltd.*, Case No. SA CV 17-1748-DOC (JDEx), 2018 WL 4963129 (C.D. Cal. Jun. 22, 2018) ....... 4

*Litepanels Ltd. v. Kino Flo Inc.*, Case No. 2:20-cv-11763 MCS (JEMx), 2021 WL4777142 (C.D. Cal. Mar. 10, 2021) .................................................................. 8

*Metricolor LLC v. L'Oreal S.A.*, Case No. CV 18364-R, 2018 WL 5099496 (C.D. Cal. Aug. 15, 2018), *aff'd*, 791 Fed.Appx. 183 (Fed. Cir. 2019) ................ 11

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ..................................... 2, 3, 9

*North Star Innovations, Inc. v. Etron Tech. Am. Inc.*, Case No.: CV 8:16-00599 SJO (FFMxx), 2016 WL 9046909 (C.D. Cal. Sept. 21, 2016) ...... 4

*Preservation Techs. LLC v. Mindgeek USA Inc.*, Case No. CV 17-8906-DOC (JPRx), 2019 WL 3213585 (C.D. Cal. Apr. 2, 2019) ............................................ 7

*Versata Software, Inc. v. Configit A/S*, Case No. LA CV20-09019 JAK (MRWx), 2021 WL 5536287 (C.D. Cal. Sep. 10, 2021) ....................................................... 6

*Vervain, LLC v. Micron Tech., Inc.*, 6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .................................................................................................. 11

**Other Authorities**

18 U.S.C. § 1836, Et Seq. ........................................................................................ 5

Cal Civ. Code § 3426.1, Et Seq. .............................................................................. 5

**Rules**

Rule 12(b)(6) ..................................................................................................... passim

## I. INTRODUCTION

According to the position espoused in her opposition memo[1], Plaintiff believes she is only required to allege generally that the accused products meet each and every element of at least one claim of the asserted patents, either literally or equivalently. Plaintiff's position contradicts binding Supreme Court, Ninth and Federal Circuit precedent, requiring non-conclusory factual statements and the articulation of a plausible basis for alleging infringement. Because the First Amended Complaint ("FAC") admits which elements must be present to infringe the asserted claim, and Plaintiff has not and cannot provide facts showing that the Accused Products include those elements, this Court should grant Walmart's Motion to Dismiss, with prejudice. Such an order would be consistent with prevailing law and the proper exercise of this Court's authority and responsibility to ensure that frivolous infringement claims are dissuaded where there is no plausible theory of infringement.

## II. ARGUMENT

### A. Plaintiff Misapprehends the Requirements for Properly Pleading Patent Infringement.

According to Plaintiff, "[a]ll that is required in a pleading is to alert the defendant of what is alleged and plead the elements of the causes of action." Yates Memo at 4. Plaintiff further explains that:

> Plaintiff's FAC specifically identifies the 7 accused infringing products… includ[ing] the product name …, Manufacturer…, with a link … to the actual product on Walmart.com, plus screen captures of the Accused Products.… The FAC alleged that the Accused Products "directly infringe either literally or under the doctrine of equivalents[2], or both[,] at least Claim 6" of the Asserted Patent, and that "[e]ach and every one of the

---

[1] Walmart will refer to Yates' opposition memorandum as "Yates Memo."

[2] Although Plaintiff alternatively alleges infringement under the doctrine of equivalents, doing so does not cure her deficient pleading. The pleading requirements discussed in Walmart's motion do not distinguish between allegations of literal infringement and infringement under the doctrine of equivalents. By failing to include any non-conclusory factual allegations in support of her claim, Plaintiff has subjected the FAC to dismissal regardless of which theory of infringement she advances.

Accused Products … includes each and every element of claim 6."

*Id*. at 6 (quoting ECF No. 13). Other than the above paragraph, Plaintiff does not assert in its Opposition where or how the FAC adequately pleads its infringement contentions. *See generally* Yates Memo.

Plaintiff's FAC is deficient and should be dismissed pursuant to Rule 12(b)(6) because it is based on a misapprehension of controlling Supreme Court, Ninth and Federal Circuit precedent. In *Moss v. U.S. Secret Serv*., 572 F.3d 962 (9th Cir. 2009), the Ninth Circuit held that "to survive a motion to dismiss, the *non-conclusory 'factual content*,' and reasonable inferences from that content, *must be plausibly suggestive* of a claim entitling the plaintiff to relief." *Id*. at 969 (emphasis added). Similarly, in *Bot M8 LLC v. Sony Corp. of Am*., 4 F.4th 1342 (Fed. Cir. 2021), citing to the Supreme Court's decisions in *Iqbal*/*Twombly*, the Federal Circuit held that:

> a plaintiff *cannot* assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There *must* be some factual allegations that, when taken as true, *articulate* why it is plausible that the accused product infringes the patent claim.

*Id*. at 1353 (emphasis added). Plaintiff fails to acknowledge that *Moss* and *Bot M8* govern the contents of the FAC.

*Moss* makes clear that to properly plead a cause of action it is not sufficient to "alert the defendant of what is alleged and plead the elements of the causes of action," as Plaintiff contends. For the FAC to pass muster under *Moss*, it would have to include "non-conclusory factual content," which it does not. *See Moss*, 572 F.3d at 969. By Plaintiff's own admission, the FAC only alleges that the Accused Products "directly infringe either literally or under the doctrine of equivalents, or both[,] at least Claim 6" of the Asserted Patent, and that "[e]ach and every one of the Accused Products … includes each and every element of claim 6." Yates Memo at 6. These are simply

- 2 -     2:21-cv-07519 MCS (GJS)
REPLY MEMORANDUM IN SUPPORT OF WALMART'S MOTION TO DISMISS
4885-1834-8554.1

conclusions. Even if the FAC included "non-conclusory factual content," which it does not, that factual content would have to plausibly suggest that the Accused Products infringe claim 6. As the FAC establishes and the Yates Memo confirms, the FAC includes only a conclusory allegation, devoid of facts—much less sufficient facts—suggesting that Plaintiff is entitled to relief for patent infringement.

Perhaps even more so than *Moss*, *Bot M8* compels the conclusion that the FAC must be dismissed. The Yates Memo admits that paragraphs 20 and 21 of the FAC only recite the elements of claim 6 of the '650 Patent and allege that "[e]ach and every one of the Accused Products … includes each and every element of claim 6." Yates Memo at 6. *Bot M8* explicitly provides that Plaintiff "cannot" assert a plausible claim for infringement simply by "reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8* 4 F.4th at 1353. Moreover, *Bot M8* makes clear that a patent infringement complaint must "articulate" why it is plausible that the accused products infringe. *Id*. With Plaintiff having effectively admitted that the FAC lacks "factual allegations" and articulation of a plausible basis for infringement, *Moss* and *Bot M8* require dismissal under Rule 12(b)(6).

### B. Courts in this District Applying *Iqbal*/*Twombly*'s Pleading Standards Require More Facts than Plaintiff Has Pleaded.

Since December 1, 2015, "allegations of direct infringement [have been] subject to the pleading standards established by *Iqbal* and *Twombly* requiring plaintiffs to demonstrate a 'plausible claim for relief.'" *North Star Innovations, Inc. v. Etron Tech. Am. Inc*., Case No.: CV 8:16-00599 SJO (FFMxx), 2016 WL 9046909 at *3 (C.D. Cal. Sept. 21, 2016) (citation omitted). Subsequently, courts in this district have dismissed patent complaints alleging direct infringement that did not meet those standards. For example, in *Apollo Fin., LLC v. Cisco Sys., Inc*., 190 F. Supp. 3d 943 (C.D. Cal. 2016), the court held that "Plaintiff does not state a plausible claim for patent infringement by simply identifying the allegedly infringing products and reciting the elements of a patent infringement claim in a conclusory fashion, absent any factual support." *Id*.

Similarly, in *North Star Innovations*, 2016 WL 9046909 at *3-4, the court found that despite identifying the accused products and the allegedly infringed claims, and providing "some allegations regarding how the elements of the identified claims are being infringed by" the accused products, "the FAC lack[ed] a single factual allegation concerning the structure and operation" of the accused products and thus did not "plausibly allege that the accused product practices each limitation found in at least one of the asserted claims." *Id*. Because Plaintiff's FAC also lacks a single allegation regarding the structure and operation of the Accused Products, it should be dismissed.

Likewise, in *International Techs. and Sys. Corp. v. Samsung Elecs. Co., Ltd.*, Case No. SA CV 17-1748-DOC (JDEx), 2018 WL 4963129 (C.D. Cal. Jun. 22, 2018)[3], the court dismissed a patent complaint alleging infringement despite the plaintiff identifying specific claims that were allegedly infringed, identifying the accused devices, and alleging that the accused devices met each claim limitation with citations to evidence from the defendant describing the functionality of the device. *See id*. at *5. The court granted dismissal after noting, among other deficiencies, that the complaint merely recited the claim language for each limitation and alleged without factual support that the accused device worked by following that limitation. *See id*. at *5-6.

### C. The Cases Cited by Plaintiff Demonstrate the Deficiencies that Continue to Plague the FAC.

---

[3] The Federal Circuit's decision in *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018), which involved unique circumstances, is inapplicable to this case. There, the plaintiff filed its complaint on November 30, 2015, one day before amendments to the Federal Rules of Civil Procedure went into effect. *See id*. at 1258. These amendments abrogated Rule 84 and Form 18, which provided a form once deemed adequate to plead direct infringement. *See id*. The plaintiff sought permission to file an amended complaint with a detailed infringement analysis, but the district court refused and granted dismissal under Rule 12(b)(6). *See id*. at 1259. On appeal, the plaintiff argued that its complaint was properly pleaded under Form 18 which governed when its complaint was filed. *See id*. at 1259-60. The Federal Circuit ultimately reversed, finding that in that case it was sufficient for the complaint to identify the accused products by name and attached photos, and to allege that they infringe each and every element of at least one patent claim. *See id*. at 1260. Because the unique facts in *Disc Disease* have nothing in common with this case, the analysis in *Disc Disease* is inapplicable here.

The Yates Memo wrongly asserts that courts in this jurisdiction allow patent infringement plaintiffs to plead less than is required under *Iqbal*/*Twombly*, *i.e*., that a complaint need only allege "that the accused products meet each and every element of at least one claim of the [asserted patent] either literally or equivalently." Yates Memo. at 5 (insertion in original). In reality, when courts in this jurisdiction have denied motions to dismiss patent complaints under Rule 12(b)(6), they have done so because the relevant complaints provided substantially more information regarding the basis for an infringement allegation than is provided by paragraphs 20 and 21 of Plaintiff's FAC. Thus, even the cases cited by Plaintiff demonstrate the glaring deficiency in her infringement pleading.

Although the Yates Memo cites cases from this jurisdiction where courts denied motions to dismiss, those citations are superficial. A thorough review of Plaintiff's cited cases reveals that they are clearly distinguishable, and indeed support Walmart's motion by demonstrating the type of pleading required to survive a motion to dismiss. In *Versata Software, Inc. v. Configit A/S*, Case No. LA CV20-09019 (JAK) (MRWx), 2021 WL 5536287 (C.D. Cal. Sep. 10, 2021), the court denied a motion to dismiss, noting that the FAC identified the accused products by name, identified one alleged infringed claim of each asserted patent, and provided "specific descriptions of how the accused software practices the claimed inventions." *Id*. at *11; *see* Corrected First Amended Complaint for: (1) Patent Infringement (2) Trade Secretion Misappropriation (18 U.S.C. § 1836, Et Seq.; Cal Civ. Code § 3426.1, Et Seq.) (3) Declaratory Relief (4) Injunctive Relief, No. 2:20-cv-09019-JAK-MRW (Jan. 21, 2021), ECF No. 25 at ¶¶ 40-54, 60-72.

Also, in *Endonovo Therapeutics, Inc. v. KVP Int'l, Inc.*, Case No. ED CV19-00257 (JAK) (KKx), 2019 WL 5101856 (C.D. Cal. Jun. 12, 2019), the court denied a Rule 12(b)(6) motion to dismiss finding that the Second Amended Complaint identified the asserted patents, exemplary claims, names of the accused products, and

provided images and information regarding the accused products. *See id.* at *3. Importantly, the Second Amended Complaint was filed with exhibits including "claim charts that compare the language of exemplary claims of the Asserted Patents to the products." *Id.*

Plaintiff cites *Preservation Techs. LLC v. Mindgeek USA Inc.*, Case No. CV 17-8906-DOC (JPRx), 2019 WL 3213585 (C.D. Cal. Apr. 2, 2019), yet fails to recognize that the court found that the complaint in that matter provided sufficient notice of infringement at least in part because the plaintiff "set forth claim charts, specific evidence, and factual allegations as to each element of at least one claim of every Asserted Patent for the [accused] software…." *Id.* at *2.

Similarly, Plaintiff cites *Incom Corp. v. Walt Disney Co.*, Case No. CV15-3011 PSG (MRWx), 2016 WL 4942032 (C.D. Cal. Feb. 4, 2016) yet fails to describe the factual disclosures included in the complaint. The *Incom* Complaint "does more than name a product and baldly conclude that it infringes" an asserted patent. *Id.* at *3. Instead, it also "describes how [the defendant's] Attendance Tracking System uses RFID technology and ID badges to track human presence in large volumes" and named specific products developed, manufactured, and used by the defendant which, like the plaintiff's system, tracked human presence in large volumes. *Id.*

In *CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc.*, Case No. 8:18-CV-00311-JLS-SS, 2018 WL 6380887 (C.D. Cal. Jun. 19, 2018), the complaint identified an asserted method claim of the asserted patent, identified three accused dental implant systems and their "corresponding 'systems' of implantation," and incorporated by reference the defendant's surgical manual and product catalogs for the implants (of which the court took judicial notice). *See id.* at *2, n. 2.

Across the board, the pleadings in the cases cited by Plaintiff included more information regarding the patentees' alleged factual bases for their infringement claims than Plaintiff includes in her FAC. Another case not cited by Plaintiff but issued

by this Court also informs Plaintiff's pleading requirement. In *Litepanels Ltd. v. Kino Flo Inc.*, Case No. 2:20-cv-11763 MCS (JEMx), 2021 WL4777142 (C.D. Cal. Mar. 10, 2021), this Court denied the defendant's motion to dismiss under Rule 12(b)(6). *See id.* at *2-3. It did so based on its finding that the complaint identified an allegedly infringed claim of each asserted patent, alleged that the infringement occurred literally or under the doctrine of equivalents, and "include[d] images of the [accused device] in comparison with Claim 1 of each of the Asserted Patents." *Id.* at *2 (emphasis added). The comparison noted by the court spanned several paragraphs and included multiple photos of different parts of the accused device by which plaintiff had explained how or where each element of the asserted claims of the asserted patents could be found in the accused device. *See* First Amended Complaint for Patent Infringement Demand for Jury Trial, No. 2:20-cv-11763 (C.D. Cal. Feb. 8, 2021), ECF No. 20, at ¶¶ 22-27, 36-43. Unlike Plaintiff's FAC, the complaint in *Litepanels* provided factual content sufficient to make out a facially plausible claim for relief.

### D. Plaintiff Wrongly Claims That Walmart's Motion Requires Claim Construction.

Plaintiff attempts to bypass her pleading obligations by suggesting that the facts underlying her allegations can only be revealed during or after claim construction. Yates Memo. at 7. Plaintiff attempts to manufacture a claim construction by arguing Walmart allegedly imports a "single strap" into the claims. This is simply incorrect. Claim 6 expressly recites "a strap" having certain features and configuration. Walmart simply explains that there is no strap in any Accused Product that plausibly has the features and configuration expressly recited in claim 6. Contrary to Plaintiff's assertion, Walmart's argument does not create a claim construction issue. Under the express claim language, no Accused Product has any strap that meets the recited elements of claim 6—nor has Plaintiff attempted to plausibly demonstrate how any Accused Product meets these limitations.

Walmart does not assert that "*a* strap" (which provides the antecedent basis for

"*the* strap") means that the harness must consist of only one strap. *See supra* at 7-8. Rather, the harness must have "*a* strap" that must meet each of the limitations of claim 6 describing *that* strap. Specifically, *that* strap must "hav[e] the first end loop and second end loop," with "*the* strap extending from the first end loop … and then through the first end loop forming a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening, wherein the triangular opening is for the head or tail of the animal…." ECF No. 13, ¶ 20 (emphasis added). These are express claim limitations.

Moreover, there is no dispute that at least one strap in the accused products must satisfy the claim limitations. In paragraph 21 of the FAC, Plaintiff admits that to infringe claim 6 of the '650 Patent the Accused Product must "includ[e] the strap having the first end loop and second end loop" with "the strap extending from the first end loop … and through the first end loop forming a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening, with the triangular opening for the head or tail of the animal…" ECF No. 13, ¶ 21 (emphasis added).

Having already admitted what is required to infringe claim 6, Plaintiff should be able to provide facts underlying her assertion that these claim elements appear in the Accused Devices. At a minimum, such facts are required to avoid dismissal under *Moss* and *Bot M8*. *See supra* at 2-3. Plaintiff, however, has failed to provide these basic facts despite having three opportunities—in her Complaint, FAC, and Yates Memo. Indeed, Plaintiff has steadfastly refused to do so, because any attempt to provide such facts would only highlight the implausibility of her infringement allegations.

There is simply no plausible basis for the Plaintiff to assert that any strap in the Accused Product "having a first end loop and second end loop," with "*the* strap extend[s] from the first end loop … through the first end loop forming a triangular-

- 8 -   2:21-cv-07519 MCS (GJS)
REPLY MEMORANDUM IN SUPPORT OF WALMART'S MOTION TO DISMISS
4885-1834-8554.1

Case 2:21-cv-07519-MCS-GJS   Document 31   Filed 01/18/22   Page 13 of 14   Page ID #:308

shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening … for the head or tail of the animal….." To illustrate, an annotated Figure 16 from the '650 Patent is compared to the Accused Product of Exhibit B6 of the FAC:



| **Annotated FIG. 16 of '650 Patent** | **Exhibit B6** |

The same holds true for all of the other Accused Products (Exhibits B1-B5 and B7).

Thus, even assuming Plaintiff could argue that the multiple straps comprising the harness of the Accused Products could collectively be "a strap," the FAC does not provide sufficient facts that plausibly establishes that those multiple straps form "a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening … for the head or tail of the animal," let alone other limitations of claim 6. As such, the FAC should be dismissed.

E.   **The FAC Should Be Dismissed With Prejudice.**

In circumstances such as this, where a plaintiff fails to provide facts showing that an accused product contains a claim limitation, and the limitation appears not to exist, it is appropriate for courts to grant dismissal under Rule 12(b)(6). *See Metricolor*

- 9 -    2:21-cv-07519 MCS (GJS)
REPLY MEMORANDUM IN SUPPORT OF WALMART'S MOTION TO DISMISS
4885-1834-8554.1

*LLC v. L'Oreal S.A.*, Case No. CV 18364-R, 2018 WL 5099496 at 4 (C.D. Cal. Aug. 15, 2018), *aff'd*, 791 Fed.Appx. 183, 288 (Fed. Cir. 2019); *see also Vervain, LLC v. Micron Tech., Inc.*, 6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) (citing with approval *Metricolor*, 791 Fed.Appx. 183, for rejecting complaint's allegation that accused product included claim limitation). Dismissal is particularly appropriate given the Supreme Court's recognition that "[s]ome companies may use patents as a sword to go after defendants for money, even when their claims are frivolous.… [I]t is still necessary and proper to stress that district courts have the authority and responsibility to ensure frivolous cases are dissuaded." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 646 (2015).

When such circumstances arise, the court should determine whether a plaintiff can legally state a claim for relief before the parties engage in expensive and ultimately unnecessary fact and expert discovery. Here, Plaintiff has already had multiple opportunities to articulate why it is plausible that any Accused Product infringes claim 6. Plaintiff has not and cannot do so. Because amendment would be futile, dismissal with prejudice is warranted.

### III. CONCLUSION

For the reasons set forth above and in Walmart's opening brief, Plaintiff's FAC does not set forth factual allegations sufficient to support its sole claim for infringement of Claim 6 of the '650 Patent and further fails to give Walmart fair notice of a cognizable claim and the grounds on which it rests. Accordingly, Walmart requests the Court to dismiss Plaintiff's FAC with prejudice for failure to state a claim upon which relief can be granted.

Dated: January 18, 2022

LARKIN HOFFMAN DALY & LINDGREN, LTD.
By: /s/ *Christopher A. Young*
Christopher A. Young

KUTAK ROCK LLP
By: /s/ *Antoinette P. Hewitt*
Antoinette P. Hewitt
***Attorneys for Defendant Walmart, Inc.***

- 10 -  2:21-cv-07519 MCS (GJS)
REPLY MEMORANDUM IN SUPPORT OF WALMART'S MOTION TO DISMISS
4885-1834-8554.1