UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:21-cv-07519-MCS-GJS | Date April 13, 2022 |
| Title *Rachel Yates v. Walmart Inc. et al.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO DISMISS (ECF NO. 29)

Defendant Walmart, Inc. moves to dismiss Plaintiff Rachel Yates's First Amended Complaint. Mot., ECF No. 29. Plaintiff opposed the motion, Opp'n, ECF No. 30, and Defendant replied, Reply, ECF No. 31. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.   BACKGROUND

Plaintiff invented new harnesses for animals to use during exercise when she was eleven years old. FAC ¶ 8, ECF No. 15. Plaintiff received Patent No. 6,708,650 ("the '650 Patent") for this invention. *Id.* ¶ 10. She identifies seven products Defendant sells that allegedly infringe the patent. *Id.* ¶ 14. Plaintiff asserts alternatively that Defendant infringes Claim 6 of the '650 Patent directly and under the doctrine of equivalents. *Id.* ¶¶ 18–19.

Plaintiff's entire recitation of how the products infringe Claim 6 is as follows:

> Each and every one of the Accused Products is an animal harness that includes each and every element of Claim 6, including the strap having the first end loop and second end loop, the first and second adjusters, the first leg loop and second leg loop. Each and every one of the Accused Products includes the strap extending from the first end loop inserted through the first leg adjuster and then back through the first leg adjuster forming the first leg loop, and then through the second adjuster and back through the second adjuster forming the second leg loop, and through the first end loop forming a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening, with the triangular opening for the head or the tail of the animal depending if installed on the chest of the animal or on the rear end of the animal, respectively.

*Id.* ¶ 21.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## III.   DISCUSSION

Defendant argues Plaintiff has not pleaded enough facts to state a claim for direct patent infringement. Mot. 7–9. While a plaintiff is not required to plead infringement on an element-by-element basis, "a plausible claim must do more than merely allege entitlement to relief; it must support the grounds for that entitlement with sufficient factual content." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). A plaintiff cannot just recite the claim elements and conclude that an accused product has those elements. *Id.* at 1353. Instead, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.*

Paragraph 21 is the only paragraph of the FAC that links the products to the claim elements. Plaintiff's description is too conclusory to state a claim for direct infringement. The paragraph merely recites the claim elements and concludes each product infringes the patent without pointing to which features of each of the seven accused products meet various claim elements. Plaintiff thus has not provided the factual allegations necessary to articulate why it is plausible the accused product infringes the patent claim. *Id.* The Court dismisses the FAC.

Defendant argues against leave to amend because "none of the Accused Products possess a single strap that forms both two leg loops and a triangular opening." Mot. 10. The Court, however, declines to conclude this is true on the limited record. Instead, the Court will give Plaintiff the opportunity to link the claim elements to the seven dog harnesses before deciding whether she can state a claim for direct infringement as a matter of law for these products. Given the Ninth Circuit policy of granting leave to amend with "extreme liberality," *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (internal quotation marks omitted), the Court gives Plaintiff leave to amend.

## IV.   CONCLUSION

The Court grants the motion and dismisses the FAC. Plaintiff may file an amended complaint no later than 14 days from the date of this Order, if she can do

so consistent with Federal Rule of Civil Procedure 11(b) and this Order. Failure to file a timely amended complaint will waive the right to do so. Leave to add new defendants or claims must be sought by a separate, properly noticed motion.

**IT IS SO ORDERED.**